IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CLINT PORTEOUS,
individually and on behalf of
others similarly-situated,

Plaintiff,

v.

FLOWERS FOODS, INC.;
FLOWERS BAKERIES, LLC;
FLOWERS BAKING CO. OF
PORTLAND, LLC,

Defendants.

Civ. No. 6:23-cv-01840-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

This case comes before the Court on Plaintiff's Motion for Partial Reconsideration, ECF No. 40. For the reasons set forth below, the motion is DENIED.

**DISCUSSION**

Under Federal Rule of Civil Procedure 59(e), a court has discretion to reconsider or alter a previous order if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (internal quotation marks and citations omitted). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original, internal quotation marks and citation omitted).

Motions for reconsideration are an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "[M]otions for reconsideration are not the proper vehicle for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (alteration in original, internal quotation marks and citations omitted). A motion for reconsideration also "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Here, Plaintiff seeks reconsideration of the Court's decision to grant Defendants' Motion to Strike the Class and Collective Allegations. ECF No. 37. Plaintiff seeks to present new arguments based on *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *rev'd by Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018), *vacated*, 894 F.3d 1093 (9th Cir. 2018). Plaintiff did not raise the arguments contained in the Motion for Reconsideration earlier in the litigation. Although Plaintiff asserts that he was uncertain of the scope of Defendants' motion until the Reply brief was filed, Plaintiff could have raised these arguments in his Response

brief and, failing that, there was nothing preventing Plaintiff from seeking leave to file a sur-reply brief to address the issues he now raises in a Motion for Reconsideration. As noted, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945. Plaintiff reasonably could have presented these arguments earlier in the litigation and he is barred from doing so in the present motion. The Court concludes that Plaintiff is not entitled to the extraordinary remedy of reconsideration.

**CONCLUSION**

Plaintiff's Motion for Partial Reconsideration, ECF No. 40, is DENIED.

It is so ORDERED and DATED this 30th day of September 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge